UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN A. ARROYO,<br><br>                    Plaintiff,<br><br>        v.<br><br>V. ELIAS,<br><br>                    Defendant. | Case No. 1:26-cv-00933-JLT-EPG (PC)<br><br>ORDER VACATING APRIL 1, 2026 FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 10)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE PROCEED ONLY ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT ELIAS<br><br>(ECF Nos. 1, 8)<br><br>ORDER DENYING MOTION TO APPOINT PRO BONO COUNSEL<br><br>(ECF No. 11, p. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

I.      BACKGROUND

Plaintiff Ruben A. Arroyo is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). He alleges that a correctional officer, V. Elias, violated his Eighth Amendment rights and the Americans with Disabilities Act (ADA) in connection with a defective shower that injured him. (ECF No. 1).

On February 12, 2026, the Court screened the complaint and concluded that Plaintiff sufficiently stated a claim for violation of his Eighth Amendment rights against Defendant Elias but no other claims. (ECF No. 8). The Court gave Plaintiff thirty days to file a notice to

1

proceed on his cognizable claim, file a first amended complaint, or file a notice with the Court that he wanted to stand on his complaint. (*Id.* at 10).

After Plaintiff failed to timely respond to the screening order, the Court issued findings and recommendations on April 1, 2026, recommending that Plaintiff's case be dismissed, without prejudice, for failure to prosecute and failure to comply with a court order. (ECF No. 10, p. 3).

## II.    OBJECTIONS

Now before the Court are Plaintiff's objections to the findings and recommendations, which he filed on April 28, 2026. (ECF No. 11). In this filing, Plaintiff (1) asserts that his failure to timely respond to the screening order was because of his physical and mental incapacitation and lack of access to legal resources (*id.* at 5–6); (2) states that he wishes to proceed only on his cognizable Eighth Amendment claim against Defendant Elias (*id.* at 7–8); and (3) asks the Court to appoint him pro bono counsel (*id.* at 8).

Upon consideration, the Court will (1) vacate its April 1, 2026 findings and recommendations to dismiss this case; (2) recommend that this case proceed only on Plaintiff's Eighth Amendment claim against Defendant Elias; and (3) deny Plaintiff's motion for appointment of pro bono counsel.

## III.    DISCUSSION

First, based on Plaintiff's representations that he has been in the prison's infirmary for a variety of serious medical reasons and could not access legal resources, the Court will vacate its prior findings and recommendations to dismiss this case for failure to prosecute and failure to comply with a court order. (ECF No. 11, pp. 1–7).

Second, because Plaintiff asks the Court to "allow [him] to proceed and prosecute [his] one cognizable claim" (*Id.* at 7–8), and for the reasons set forth in the Court's screening order (ECF No. 8), the Court will recommend that this case proceed only on Plaintiff's Eighth Amendment claim against Defendant Elias relating to a defective ADA shower and that all other claims be dismissed.

Third, Plaintiff asks the Court to appoint him attorney under the ADA while he

recuperates. (ECF No. 11, p. 8). The Court will deny this motion.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. Lastly, Plaintiff cites no provision of the ADA that entitles him to receive pro bono assistance from an attorney. *See Dawson v. Napa Cnty.*, No. 25-CV-01923-JSC, 2025 WL 1810264, at *4 (N.D. Cal. June 30, 2025) (noting that ADA did not provide a basis to appoint pro bono counsel in a federal case).

## IV.   CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons given above, IT IS ORDERED as follows:

1. The Court's April 1, 2026 findings and recommendations are vacated.

2. Plaintiff's motion to appoint pro bono counsel is denied. (ECF No. 11, p. 8).

Further, IT IS RECOMMENDED that, based on Plaintiff's notice filing (ECF No. 11, pp. 7–8), and the reasons in the Court's screening order (ECF No. 8), that this case proceed only on Plaintiff's Eighth Amendment claim against Defendant Elias and that all other claims

be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 30, 2026**              /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE